UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

RONALD L. BROWN / IAM PORTABLE
HYBRID TRAILER GROUP, INC.,[1]

                        Plaintiff,

                v.

APPLE INC., CORPORATE CON EDISON, IBM
CORPORATION INC., GLOBAL FOUNDRIES,
NYC MEDIA PROGRAMMING, PATRIOT
SOLAR, MPEG LA, LLC, ENDEAVOR
ROBOTICS INC., TURRET STEEL INC.,
GOOGLE NETWORK INC., NIKON NETWORK,
GEORGIA INSTITUTE OF TECHNOLOGY,
QUALCOMM INC., LIGHTPATHS LIGHT INC.,
SEVEN INTERNATIONAL GROUP, FUZE INC.,
VERIZON WIRELESS INC., STRIA LITHIUM,
MICROSOFT INC., RUSTY CLARK / ADVANCE
STRIPPING EQUIPTMENT, EASTMAN INC.,
DON MEEKER, CRM SEARCH INC.,

                        Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-369 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Ronald L. Brown, proceeding *pro se*, commenced the above-captioned action on

January 17, 2017, against twenty-three Defendants. The Court grants Plaintiff's application to

---

      [1] As a non-attorney litigant, Plaintiff may not represent a corporation. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[I]t is well established that a layperson may not represent a corporation." (citing *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam)). Thus, the Court treats *pro se* litigant Brown as the only Plaintiff.

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order.[2] For the reasons discussed below, the Court dismisses the Complaint.

**I. Background**

The Complaint alleges that Plaintiff and Defendant NYC Media Programming entered into a contract on December 15, 2011 and sometime thereafter Defendant breached that contract. (Compl. 4, Docket Entry No. 1.) In describing how NYC Media Programming failed to comply with its contractual obligations, Plaintiff alleges:

> The final release can be used to settle this matter of its unpaid royalties, that have arise from public domain disclose franchise, in an joint partnerships, public contractual domain agreement, made with the breach of contractors. Collect on it owed infringe benefits, on § 503. Remedies for several billions infringement late benefits; is the appropriate legal steps, to take in concerning of the breached of the disclose franchises, buy-in non-exclusive agreements.

(*Id.* at 4.) Plaintiff seeks "company royalties, as punitive money-damage and late payment penalties." (*Id.*) The eighty-six pages attached to the Complaint include, among other documents, a business certification application assistance agreement on behalf of IAM Portable Trailer Group, Inc.; a Delaware franchise tax invoice for 2015 billed to IAM Portable Hybrid Trailer Group, Inc.; and several other exhibits, some of which are not legible.[3] (*See generally id.*) None of the exhibits appear to reference an executed contract between Plaintiff and NYC Media Programming.

---

[2] Although Plaintiff presents conflicting information in his request to proceed *in forma pauperis*, Plaintiff states that he is unemployed and has significant financial obligations. The Court therefore grants his request. *DiGianni v. Pearson Educ.*, No. 10-CV-206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (noting that whether a plaintiff qualifies for *in forma pauperis* status is within the discretion of the district court).

[3] Plaintiff simultaneously filed a separate action against some of the same Defendants alleging civil rights violations. *See Brown v. Turret Steel*, No. 17-CV-368 (E.D.N.Y. filed Jan. 17, 2017).

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

3

### b. The Court lacks subject matter jurisdiction

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Bayerische Landesbank*, 692 F.3d at 48.

Here, Plaintiff invokes section 1332 as the sole basis for subject matter jurisdiction. (Compl. 1.) However, the face of the Complaint demonstrates that complete diversity is lacking. Section 1332 requires complete diversity of citizenship between plaintiffs and defendants. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." (citation omitted)); *St. Paul Fire and Marine Ins. Co. v. Univ. Builders Supply*, 409 F.3d 73, 80 (2d Cir.

2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." (citation omitted)). Based on the addresses of Plaintiff and Defendants in the Complaint, both Plaintiff and four of the Defendants, Con Edison Inc., Media Programming Services, Lightpath Lights Inc., and Version Wireless Inc., are located in New York. (Compl. 6–7.) Accordingly, Plaintiff is not diverse from the Defendants, and the Court cannot exercise diversity jurisdiction. *See Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18; *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."); *Univ. Builders Supply*, 409 F.3d at 82 (holding that two nondiverse plaintiffs destroyed diversity).

Therefore, the Court dismisses the Complaint against Defendants because Plaintiff fails to state a claim that would confer jurisdiction upon this Court pursuant to its diversity jurisdiction.[4] *See* 28 U.S.C. § 1915(e)(2)(b); Fed. R. Civ. P. 12(h)(3); *see also Jenkins v. Murphy*, 356 F. App'x 500, 500–01 (2d Cir. 2009) (affirming *sua sponte* dismissal for lack of subject matter jurisdiction over a 42 U.S.C. § 1983 claim because defendant was a private actor and there was no basis for diversity jurisdiction).

   c.  **Action is dismissed as frivolous**

"An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an

---

[4] Plaintiff has not and cannot invoke the Court's federal question jurisdiction because he only alleges a claim for breach of contract. *Seagate Logistics, Inc. v Angel Kiss, Inc.*, 699 F. Supp. 2d 499, 503 (E.D.N.Y. 2010) (finding no federal question jurisdiction for a breach of contract claim where the plaintiff did not demonstrate the breach of contract claim arose "under the Constitution, laws or treaties of the United States."). There is nothing on the face of the Complaint to suggest that Defendants violated any federal statute, or that any question involving the Constitution, laws, or treaties of the United States is implicated by Plaintiff's breach of contract claim. Thus, the Court cannot exercise federal question jurisdiction over the action.

indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). The Supreme Court has noted that:

> [T]he *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. Plaintiff does not allege any set of facts that give rise to a breach of contract claim but instead claims a breach of contract that "arise[s] from public domain disclose franchise, in an joint partnerships, public contractual domain agreement, made with the breach of contractors." (Compl. 4.) The Court finds that the allegations are "factually frivolous." *Livingston*, 141 F.3d at 437.

While the Court would ordinarily allow Plaintiff an opportunity to amend his pleading, *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000), it need not afford that opportunity where, as here, it is clear from the face of the Complaint that the claims are frivolous.

### III. Conclusion

Accordingly, pursuant to Rule 12(h)(3) of the Federal Rule of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(i), the Court dismisses the Complaint because it lacks subject matter jurisdiction and is frivolous. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

6

appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 11, 2017
      Brooklyn, New York